O’Neall, J.
The former opinion in this cause put the plaintiff’s right to recover upon the fact, whether they “ had notice that no demand, or an irregular and informal demand, had *578 been made on the drawer.” In submitting this question to the jury, that admirable judge, the late Mr. Justice Martin, took, I think, an incorrect view both of the law and the facts. It was certainly not law to say, in this case, “ that the defend, ants were bound to show that due notice of non-payment by the drawer of the note under protest, was given.” After the indorsers (the plaintiffs) paid the note, the legal presumption was that due notice was given, for common prudence would have dictated to them not to pay the note unless this notice had been given, or if it had not, they were disposed to waive their legal advantage. That they did pay twenty-one days after they had received notice of non-payment by the drawer, would in itself constitute a sufficient legal presumption against their right to recover, to entitle the defendants to a verdict, unless the plaintiffs could repel it by shewing that their payment of the note was made “ under an ignorance of the facts, which discharged them.” Bail. on Bills, 189; Garland v. Salem Bank, 7 Mass. Rep. 408; Chitty on Bills, 307-8, and note 1. If the plaintiffs knew all the facts attending the demand of payment from the drawer, their payment must be regarded as made voluntarily, and they are not entitled to relief. For mere ignorance of the law will not of itself avail them ; there must be a mistake of the law, produced either by the act of the defendants, or by some one in whom the plaintiffs confided, to have such an effect. This is what is maintained by Lawrence v. Beaubien, 2 Bail. 023, and Mazyck v. Hopkins, 1 Hill Chan. Rep. 251. The burthen of shewing either an ignorance of the facts which discharged them, or a mistake of the law as to their liability, rested on the plaintiff. Shewing either the one or the other, would have been enough. It is clear that there was no such mistake of' the law as would in itself give them a claim to relief. Their reliance was upon an ignorance of the fact which would have discharged them, as well as it did the other indorsers. It was their business, and not the defendant’s, to shew this, and the error of the presiding judge, in this respect, may have induced the verdict which the jury found. In all events, it was an erroneous legal instruction, and, in a case where we think the right of the case, on the facts, was with the defendants, this is amply sufficient cause to justify us in ordering a new trial.
Smith, for the motion.
Johnson, J. concurred.
Harper, J.
having been counsel in the case, gave no opinion.